IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS WILLIAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 16cv6696 |
| | ) | Judge Blakey |
| ALLSTATE INSURANCE COMPANY, | ) | |
| and MINNESOTA LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

## FIRST AMENDED COMPLAINT

Now comes the Plaintiff, CARLOS WILLIAMS, by his attorneys, MARK D.

DE BOFSKY & DE BOFSKY & ASSOCIATES, P.C., and as his first amended complaint against

Defendants, he states:

### *Jurisdiction and Venue*

1.      Jurisdiction of this Court as to the claims alleged against Defendant is based upon

the Employee Retirement Income Security Act of 1974 ("ERISA"), in particular, 29 U.S.C. §§

1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions

brought to recover benefits due under the terms of an employee welfare benefit plan, which, in this

case, consisted of group employee life insurance sponsored and administered by Allstate Insurance

Company and paid through a program funded by insurance premiums paid to Minnesota Life

Insurance Company.   In addition, this action may be brought before this Court pursuant to 28

U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of

the United States.

2.      Venue is proper in the Northern District of Illinois since the Plaintiff and Defendant both reside within this district; and all events relevant hereto took place within this District.  29 U.S.C. § 1133(e)(2); 28 U.S.C. § 1391.

### *Nature of Action*

3.       This is a claim seeking recovery of benefits due under an insured employee welfare benefit plan providing for payment of life insurance.  Allstate Insurance Company sponsored and administered a group life insurance programs for its employees, inclusive of Carol Williams (a/k/a Carol Griggs), a long-time Allstate employee who received coverage under the life insurance program through the date of her death on May 20, 2014.  At the time of her death, Carol Williams was married to the Plaintiff, Carlos Williams.  Although Carol Williams had designated her husband, Carlos Williams, as the beneficiary of her life insurance, after her death, Minnesota Life, the life insurer responsible for paying benefits, paid the indemnity due only to her two natural children, Sydney Griggs, and BCW, a minor.  However, none of the indemnity, amounting to $407,000 was ever paid to Carlos Williams despite his demand for his share of the indemnity.  This matter relates to Carlos Williams' claim for his share of the $407,000 in life insurance indemnity.

### *The Parties*

4.      Carlos Williams ("Williams" or "Plaintiff") is a resident of Roselle, Illinois. Williams was married to Carol Williams (a/k/a Carol Griggs) at the time of her death in 2014.

5.      The Defendant, Allstate Insurance Company, has its principal place of business in Northbrook, Illinois.  At all times relevant hereto, Allstate employed Carol Williams and provided her with the benefits at issue in this dispute.

6.      The Defendant, Minnesota Life Insurance Company, is an insurance company that at all times relevant hereto, was doing business in the Northern District of Illinois.

7.      At all times relevant hereto, the life insurance at issue in this dispute constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). Plaintiff was designated as a beneficiary of Carol Williams's life insurance coverage as defined by 29 U.S.C. § 1002(8). This claim relates to benefits sought under the life insurance coverage.

### *Statement of Facts*

8.      On or about November 1, 2013, Carol Williams received a "Health & Welfare Confirmation Notice" ("Notice") from Allstate following her election of benefits for the following year.  A true and accurate copy of the November 1, 2013 Notice is attached hereto and by that reference incorporated herein as Exhibit "A."

9.      The Notice lists two categories of life insurance – "Employee Life Insurance" and "Basic Employee Life."  The Notice confirms that Carol Williams named three equal primary beneficiaries – her two children and Carlos A. Williams who was identified as the employee's Spouse.

10.     Between the issuance of the Notice and Carol Williams's death in May 2014, she made no alterations to her beneficiary designation on file with Allstate.

11.     On January 1, 2014, Minnesota Life Insurance Company issued a policy of group life insurance for Allstate's employees (Policy No. 34235-G); and that Policy was in full force and effect in May 2014 at the time of Carol Williams's death.  The Policy provided that it would pay indemnity to the employee's designated beneficiaries.

12.     Following the death of Carol Williams, claims for the life insurance benefits were made by Sydney Griggs, BCW, the minor child of Carol and Carlos Williams, and by Carlos Williams.

13.     On information and belief, Allstate notified Minnesota Life that the only beneficiaries were Sydney Griggs and BCW, and nothing was owed to Carlos Williams. Minnesota Life failed to verify that information.

13.     When Carlos Williams learned that he would not be receiving any of the life insurance indemnity, he first made a demand for the indemnity he was due, but his claim was denied and he was never afforded any appeal rights.  Thereafter, Plaintiff submitted a consumer complaint to the Illinois Department of Insurance.  The Illinois Department of Insurance directed Allstate to pay Plaintiff an amount equal to 1/3 of the indemnity at issue, $407,000 plus 10% interest annually from the date of death.  A true and correct copy of correspondence issued by the Illinois Department of Insurance dated June 3, 2016, June 23, 2016, and July 1, 2016 directing Allstate to pay Carlos Williams 1/3 of $407,000 plus 10% interest is attached hereto as Group Exhibit "B."

14.     Notwithstanding the directive of the Illinois Department of Insurance, neither Allstate nor Minnesota Life, the insurer, has remitted any payment to Carlos Williams.

15.     Based on the life insurance beneficiary designation provided by Carol Williams to Allstate and which Allstate confirmed on November 1, 2013, Carlos Williams is entitled to receive payment in the sum of 1/3 of $407,000 plus 10% interest.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     That the Court enter judgment jointly and severally against both Defendants ordering them to pay Plaintiff 1/3 of the $407,000 in indemnity plus 10% interest due since the date of Carol Williams's death;

B.     That Plaintiff be awarded his attorneys' fees pursuant to 29 U.S.C. § 1132(g); and

C.     That Plaintiff receive any and all other relief to which he is entitled.

/s/ Mark D. DeBofsky

Attorney for Plaintiff

Mark D. DeBofsky
DeBofsky & Associates, P.C.
200 W. Madison St., Suite 2670
Chicago, Illinois 60606
(312) 561-4040

## <u>CERTIFICATE OF SERVICE</u>

Mark D. DeBofsky, the undersigned attorney, certifies that he served a copy of the foregoing upon all counsel of record by CM/ECF on August 22, 2016.


/s/Mark D. DeBofsky
_____
Mark D. DeBofsky

Mark D. DeBofsky
DeBofsky & Associates P.C.
200 West Madison Street, Suite 2670
Chicago, IL 60606
(312) 561-4040 (phone)
(312) 929-0309 (fax)